TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0052-KB

IN RE: BRIAN ALLEN LOGAN

IN SUPREME COURT

## **OPINION AND ORDER**

Pursuant to SCR 3.165(1)(a) and (b), the Inquiry Commission of the Kentucky Bar Association (KBA) has petitioned this Court to enter an order temporarily suspending Respondent, Brian Allen Logan, from the practice of law in the Commonwealth of Kentucky. Logan was admitted to the practice of law in Kentucky on May 1, 2000. His KBA number is 88228 and his bar roster address is 14 Ryswick Lane, Frankfort, Kentucky 40601.

The Inquiry Commission seeks the temporary suspension of Logan's license because there is probable cause to believe Logan is or has been misappropriating funds he held for others to his own use. The Inquiry Commission further asserts there is probable cause to believe his conduct poses a substantial threat of harm to his clients or the public. Logan has responded to the petition in partial opposition to the temporary suspension.

In its petition, the Inquiry Commission set forth the facts underlying its request for a temporary suspension. On July 29, 2018, Jack Estes executed his will which Logan had drafted. Logan was named as the executor of Estes's

future estate. Estes died on September 17, 2018, and Logan promptly filed to probate the will, estimating the value of the Estate at $425,000. Divorced and leaving no children, Estes's will made a few personal bequests to friends and caregivers, but the bulk of his estate was to be divided among three charities.

Beginning in early October 2018, Logan made the first of thirteen transfers by phone call from the Estate's checking account to his own personal account. By July 23, 2019, Logan had transferred himself $70,500 of the Estate's funds. The following month, Logan began using a phone app to accomplish the transfers. Using that method, he ultimately completed thirty-nine transactions totaling $170,600. Logan's law firm was paid $36,630 by the Estate between October 2018 and September 2020, but subsequent investigation revealed the Estate should have only been billed $6,255 for Logan's services as executor, leaving $30,375 in overcharged fees. At some point, Logan transferred a piece of real property valued at $145,000 from the Estate to himself for no consideration. Although he may have collected rent on the property, no payments of same were made to the Estate. In total, Logan misappropriated $416,475 of the Estate's assets. While he was acting as executor, Logan failed to file an estate inventory, periodic settlements, or tax returns, resulting in a loss to the Estate of an additional $30,000. Between May 2020 and March 2023, Logan made nine payments of varying amounts to the Estate for a total repayment of $10,029.17.

Logan resigned as executor of the Estate on August 28, 2023, and the Public Administrator was appointed to serve as executor of the Estate. That

2

same day, Logan, through counsel, self-reported to the KBA his improper conversion of Estate funds to his personal use. His former law firm also reported the misconduct to the KBA. Based on the information received, on October 11, 2023, the Inquiry Commission issued a three count complaint for violations of SCR 3.130(1.15) (safekeeping property), SCR 3.130(8.4)(b) (misconduct), and SCR 3.130(8.4)(c) (misconduct). Logan filed a response acknowledging his conduct violated the relevant rules. He subsequently cashed out his retirement account and made a restitution payment of $75,000 to the Estate. An inventory was prepared by the Public Administrator listing all transfers, bequests, assets, and liabilities of the Estate which revealed approximately $275,000 of misappropriated funds remained to be repaid.

The Inquiry Commission subsequently filed the instant petition, alleging Logan is or has been misappropriating funds he held for others to his own use or has otherwise been improperly dealing with those funds, and that his conduct poses a substantial threat of harm to his clients or the public. Logan filed a response wherein he accepts responsibility for his actions, acknowledges wrongdoing, and presents mitigating circumstances. Logan concedes a temporary suspension is likely warranted under SCR 3.165(1)(a). However, he argues a suspension under SCR 3.165(1)(b) is improper because he does not pose a substantial threat of harm to his clients or the public as is he currently not practicing law, has no prior disciplinary history, and has not previously engaged in a similar pattern of conduct to that at issue in this matter.

SCR 3.165(1)(a) permits the temporary suspension of an attorney if "[i]t

3

appears that probable cause exists to believe that an attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds[.]" Further, SCR 3.165(1)(b) permits the Inquiry Commission to petition this Court for an order of temporary suspension if "[i]t appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public[.]" The Inquiry Commission believes the facts set forth above are sufficient to meet this burden in requesting Logan be suspended pending the outcome of the disciplinary proceedings currently underway.

This Court has reviewed the allegations of the Inquiry Commission and agrees that probable cause exists to believe Logan is or has been misappropriating funds or has been otherwise improperly dealing with said funds as required by SCR 3.165(1)(a). Despite Logan's protestations to the contrary, we further agree a reasonable basis exists to believe his conduct poses a substantial threat of harm to his clients or to the public as required by SCR 3.165(1)(b). Consequently, we conclude his license to practice law should be temporarily suspended pursuant to SCR 3.165(1).

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1.     Brian Allen Logan is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order;

4

2.     The temporary suspension shall persist for a period of 180 days unless otherwise extended or dissolved by subsequent order of this Court;

3.     Disciplinary proceedings against Logan may be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Logan resigns under terms of disbarment;

4.     Pursuant to SCR 3.165(4), Logan may request dissolution or amendment of the temporary suspension.  In the event any such a request is filed, the Inquiry Commission shall file its response with utmost speed, and the matter shall then be heard and determined as expeditiously as the ends of justice require;

5.     No later than 30 days prior to the expiration of the period of temporary suspension, the parties shall each file a status update regarding the progress of any disciplinary proceedings and setting forth their respective positions on whether the term of suspension should be extended, dissolved, or amended;

6.     Pursuant to SCR 3.165(5), Logan shall, within twenty (20) days from the date of the entry of this Opinion and Order, notify in writing all clients of his inability to provide further legal services and furnish the Director of the Kentucky Bar Association with copies of all such letters;

7.      Pursuant to SCR 3.165(6), Logan shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

All sitting.  All concur.

ENTERED:  April 18, 2024.

_____
CHIEF JUSTICE